**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
NOLAN ROBERTS,                      :
                                    :  Civil Action No. 05-3432 (DMC)
            Petitioner,             :
                                    :
      v.                            :        **O P I N I O N**
                                    :
DEPARTMENT OF HOMELAND              :
SECURITY, et al.,                   :
                                    :
            Respondents.            :
_____ :

**APPEARANCES:**

    NOLAN ROBERTS, Petitioner, Pro Se
    NO. 156961-A5W
    Hudson County Correctional Facility
    35 Hackensack Avenue
    Kearny, New Jersey 07032

    CHRISTOPHER J. CHRISTIE, United States Attorney
    ANTHONY J. LABRUNA, Assistant U.S. Attorney
    970 Broad Street, Suite 700
    Newark, New Jersey  07102
    Attorneys for Respondents

**CAVANAUGH, District Judge**

Petitioner, Nolan Roberts ("Roberts"), is currently being detained by the Department of Homeland Security ("DHS"), Bureau of Immigration and Customs Enforcement ("BICE") at the Hudson County Correctional Facility in Kearny, New Jersey, pending his removal from the United States.[1]  On or about July 7, 2005,

---

[1] Effective March 1, 2003, the Immigration and Naturalization Service ("INS") ceased to exist as an agency of

Roberts filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, in which he challenges his final order of removal from the United States and his continued detention pending removal as unconstitutional.  On August 11, 2005, the claims challenging the removal order were severed from this action and transferred to the United States Court of Appeals for the Third Circuit, pursuant to Section 106(a)(5) of the REAL ID Act of 2005.  The respondents were directed to answer the remaining claim in this petition challenging Roberts' detention.

On August 29, 2005, the U.S. Attorney's Office responded by letter with attachments, and contend that the petition should be dismissed because Roberts has not yet exhausted his administrative remedies and therefore, his continued detention during the pendency of removal proceedings is constitutional. Demore v. Kim, 538 U.S. 510 (2003).

## BACKGROUND

Roberts is a native and citizen of Guyana who was admitted into the United States as lawful permanent resident on September 6, 1988.  He was convicted in a New York state court, on or about December 2, 1996, on charges of attempted criminal sale of

---

the Department of Justice, and its functions were transferred to the Department of Homeland Security ("DHS").  See Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (Nov. 25, 2002).  The Bureau of Immigration and Customs Enforcement ("BICE") of the DHS is responsible for the interior investigation and enforcement functions that formerly were performed by the INS.

cocaine.  On March 16, 2004, the DHS/BICE issued a Notice to Appear for removal proceedings.  The Notice stated that Roberts was subject to removal pursuant to Section 237(a)(2)(B)(i) of the Immigration and Nationality Act ("INA") based on his conviction of a violation relating to a controlled substance, and pursuant to Section 237(a)(2)(A)(iii) of the INA because he was convicted of an aggravated felony relating to a drug trafficking crime.  On March 29, 2005, additional charges of deportability were lodged against Roberts, pursuant to Section 237(a)(2)(A)(ii), for his two convictions of crimes involving moral turpitude not arising out of a single scheme of criminal conduct.

On June 3, 2005, an Immigration Judge ordered that Roberts be removed from the United States to Guyana, based on all charges.  Roberts appealed the removal order to the Board of Immigration Appeals ("BIA") on or about June 24, 2005.  The BIA appeal is currently pending.  Roberts is detained in the custody of the DHS/BICE pending his BIA appeal.

## DISCUSSION

**A.   Standard of Review**

Roberts seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3).  That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Here, petitioner challenges his continued

detention.  The petition does not indicate the date he was taken into immigration custody.  Roberts claims that his detention is unlawful because it violates his rights to due process and equal protection.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

Respondents contend that the petition should be dismissed because Roberts has failed to exhaust his administrative remedies, and because his detention is lawful and constitutional under Demore v. Kim, 538 U.S. 510 (2003).

**B.  Roberts Is Not Entitled to Release from Detention**

Roberts was initially detained in BICE custody subject to ongoing removal proceedings.  It appears that his detention continues based on a June 2005 removal order that is not yet final pending appeal before the BIA, filed on June 24, 2005.  The respondents state that Roberts is detained under a different provision of the INA, not 8 U.S.C. § 1226(c), but nevertheless,

the United States Supreme Court's holding in <u>Demore v. Kim</u>, 538 U.S. 510 (2003) forecloses Roberts' constitutional challenge to his continued detention.[2]

The custodial status of aliens who have committed crimes is governed by 8 U.S.C. § 1226 (INA § 236).  Section 1226(a) gives the Attorney General discretion to arrest and detain an alien pending removal proceedings and to release the alien on bond.  Section 1226(b) gives the Attorney General discretion to revoke a bond or parole under § 1226(a).  By contrast, however, § 1226(c) requires that aliens with certain enumerated criminal convictions be detained pending removal proceedings.  In particular, § 1226(c) provides for the detention of criminal aliens who are "deportable by reason of having committed any offense covered in [8 U.S.C. § 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D)]."  8 U.S.C. § 1226(c)(1)(B).

The Court finds that Roberts' detention is most closely governed by 8 U.S.C. § 1226(c)(1)(B), as a deportable alien convicted of an aggravated felony whose removal proceedings are not yet final.[3]  The Supreme Court has held that the detention

---

[2]  The respondents do not identify the statutory provision under which Roberts is presently being detained.

[3]  Under 8 U.S.C. § 1231, the government may detain an alien subject to a final order of removal.  Section 1231(a)(6) provides, in pertinent part:

> An alien ordered removed [1] who is inadmissible ... [2] [or] removable [as a result of violations of status

of an alien pursuant to the no-bail provision under § 1226(c) does not violate due process under the Fifth Amendment.  <u>DeMore v. Kim</u>, 538 U.S. 510 (2003).  The Court reaffirmed its "longstanding view that the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings."  <u>Id</u>., 538 U.S. at 526.  The Court concluded that the mandatory detention provision under § 1226(c) furthered the government's legitimate purpose of preventing aliens from fleeing before the removal proceedings are completed,[4] and that such detention would be limited to a finite period of time generally needed for completion of removal proceedings.  <u>Id</u>. at 529-531.

The Court, however, did not set a temporal time limit on the detention of an alien pending removal proceedings, acknowledging

---

requirements or entry conditions, violations of criminal law, or reasons of security or foreign policy] or [3] who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to [certain] terms of supervision ... ."

Here, the Immigration Judge's order of removal is not yet final because it is on appeal to the BIA.  Thus, the Court finds the statutory detention provision under § 1231 inapplicable.

[4]  The Court also acknowledged that "in adopting § 1226(c), Congress had before it evidence suggesting that permitting discretionary release of aliens pending their removal hearings would lead to large numbers of deportable criminal aliens skipping their hearings and remaining at large in the United States unlawfully."  <u>Kim</u>, 538 U.S. at 528.

6

that detention under § 1226(c) was typically short in duration. Id. at 527-28 (distinguishing its decision in Zadvydas v. Davis, 533 U.S. 678 (2001) with respect to detention under § 1231, by emphasizing that detention under § 1226(c) had an obvious termination point and that such confinement was generally brief).

Moreover, while there may be legitimate concern that due process necessitates an individualized custody evaluation for aliens who have been in detention pending lengthy removal proceedings, the Government is not obligated under the Due Process Clause "to employ the least burdensome means to accomplish its goal" in "dealing with deportable aliens." Demore, 538 U.S. at 528. In this case, there is no indication that Roberts has been detained for a lengthy period of time, or that the removal proceedings were substantially delayed. Removal proceedings commenced on or about March 16, 2004, by Notice to Appear; it is not clear that Roberts was taken into custody at that time. In any event, additional charges of deportability were noticed in March 2005, and a decision to issue a removal order was made by an Immigration Judge on June 3, 2005. Roberts filed an administrative appeal to the BIA on June 24, 2005, less than three months ago.

Further, Roberts would not be entitled to release on bond pending a final removal order because it appears from the charges of deportability that he is ineligible for bond due to his

aggravated felony conviction.  Accordingly, the Court finds that Roberts has failed to state any violation of federal statutory or constitutional law respecting his detention pending removal from the United States.  Therefore, his petition seeking release from detention is denied.

## CONCLUSION

Based upon the foregoing, petitioner's claim for release from detention pending a final order of removal is denied.  An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
DENNIS M. CAVANAUGH
United States District Judge

Dated:     September 9, 2005